**IT IS ORDERED as set forth below:**



**Date: April 26, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| DANIEL JAY PEVERILL, | : | BANKRUPTCY CASE |
| | : | 18-63378-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | ADVERSARY PROCEEDING |
| FIFTH THIRD BANK, | : | NO. 18-05240-LRC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | IN PROCEEDINGS UNDER |
| DANIEL JAY PEVERILL, | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |
| Defendant. | : | |

## ORDER

Before the Court is Plaintiff Fifth Third Bank's Motion for Entry of Default Judgment (the "Motion"). (Doc. 13). Plaintiff seeks an order finding that its $5,503.10

claim against Defendant Daniel Jay Peverill is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).

## I. BACKGROUND

Plaintiff alleges that between July 1 and July 4, 2018, Defendant purchased luxury goods and services with a credit card issued by Plaintiff (the "Purchases"). (Complaint, Doc. 1, ¶ 6). The Purchases include: $897.46 at Macy's on July 1, 2018; $3,588.10 at Greater Southern Home Recreation on July 1, 2018; $343.44 at Apple Store on July 1, 2018; and $674.10 at Compact Appliance.com on July 4, 2018.[1] (*Id.*)

On August 9, 2018, less than ninety days after making the Purchases, Defendant filed for relief under Chapter 7 of the Bankruptcy Code. (Case No. 18-63378, Doc. 1). On September 9, 2018, Plaintiff initiated this adversary proceeding alleging at the Purchases were for luxury goods and services and therefore are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(C). To this date, Defendant has not filed an answer to the Complaint.[2] Plaintiff moved for the Clerk of Court to enter default on January 8, 2019, which the Clerk entered on January 14, 2019. Plaintiff now moves the Court to enter default judgment against Defendant.

---

[1] The Complaint lists examples of items sold at Greater Southern Home Recreation and Compact Apliance.com, including pool tables, shuffle boards, and ping pong at the former, and ice makers, mini fridges, and wine coolers at the latter. (Complaint, Doc. 1, ¶ 6).

[2] On April 9, 2019, the Court granted Darrell L. Burrow's request to withdraw as counsel of record in this adversary proceeding. (Doc. 17).

2

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 is made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7055.  FED. R. BANKR. P. 7055.  Rule 55 provides that a plaintiff may obtain a default judgment against a defendant who "has failed to plead or otherwise defend[.]" FED. R. CIV. P. 55(a).  However, "a defendant's default does not in itself warrant the court in entering default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).

Plaintiff alleges that the Purchases were luxury goods and services and are therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).  Under § 523(a)(2)(C), "consumer debts owed to a single creditor and aggregating more than $675 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable[.]"  The Bankruptcy Code does not define the phrase "luxury goods or services," beyond excluding "goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor."  11 U.S.C. § 523(a)(2)(C)(ii).  Courts have emphasized that whether a purchase is for "luxury goods or services" is a fact-specific inquiry that considers the price, function, and circumstances surrounding the purchase. *FDS Nat'l Bank v. Alam (In re Alam)*, 314 B.R. 834, 842 (Bankr. N.D. Ga. 2004) (refusing to enter default judgment where plaintiff failed to attach account statements or otherwise allege that the purchases were for luxury goods); *Chase Bank USA, N.A. v. McGraw (In re McGraw)*, 2007 WL 7141854, at *3 (Bankr. N.D. Ga. April 19, 2007) (same).  However, where the creditor has alleged the sufficient facts

3

about the purchase and retailer, the court may infer that the purchases were for luxury goods or services.  *See, e.g., Discover Bank v. Warren (In re Warren)*, 486 B.R. 704, 710 (D. S.C. 2013) (finding that a creditor who alleged the amount of the purchases, the name of the retailers, and an explanation as to why those retailers sold luxury goods had stated a claim under § 523(a)(2)(C)).

Here, Plaintiff alleges that Defendant spent $4,262.20 at Greater Southern Home Recreation and Compact Appliance.com and that those stores sell luxury goods. Accordingly, Plaintiff has alleged facts to infer that the purchases at those stores were for luxury goods and that $4,262.20 of Plaintiff's claim is therefore nondischargeable under § 523(a)(2)(C).

However, the Court cannot make a similar finding with respect to Defendant's purchases at Macy's and the Apple Store.  Without knowledge of additional facts about Defendant's purchases at Macy's and the Apple Store, the Court cannot discern whether the purchases were for luxury goods and services that fall under § 523(a)(2)(C). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment is **GRANTED in part and DENIED in part**, and that $4,262.20 of Plaintiff's claim against Defendant is excepted from discharge in Defendant's Chapter 7 case.

**[END OF DOCUMENT]**

**DISTRIBUTION LIST**:

Fifth Third Bank
1830 E Paris Ave Se
Grand Rapids, MI 49546

Chad Ralston Simon
The Chad R. Simon Law Firm, LLC
P.O. Box 80727
Atlanta, GA 30366

Daniel Jay Peverill
35 Longview Drive
Oxford, GA 30054

Michael F. Burrow
Burrow & Associates, LLC
Building A, Suite 100
2280 Satellite Blvd.
Duluth, GA 30097

Martha A. Miller
Martha Miller Law, LLC
P. O. Box 5630
Atlanta, GA 31107

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303